UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN H. BURTON,

        Plaintiff,

        v.        Case No. 20-C-222

PORTFOLIO RECOVERY ASSOCIATES, LLC, and
RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP,

        Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

        Plaintiff John Burton filed this action for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Wisconsin Consumer Act (WCA), Wis. Stat. chs. 421–427, against Defendants Portfolio Recovery Associates, LLC, and Rausch, Sturm, Israel, Enerson & Hornik, LLP, on February 12, 2020. This case is before the court on Defendants' motion to dismiss the case pursuant to Fed. R. Civ. P. 4(m) for Plaintiff's failure to timely serve Defendants. For the following reasons, Defendants' motion will be denied.

        Rule 4(m) of the Federal Rules of Civil Procedure governs service of process. It provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

        Plaintiff filed his lawsuit on February 12, 2020; thus, the deadline for serving Defendants with the complaint was May 12, 2020. On April 7, 2020, Plaintiff filed a motion to enlarge the

time to serve Defendants until June 30, 2020. The motion was supported by a declaration of Plaintiff's attorney which stated counsel's view that "it is necessary to enlarge the time for service because corporate offices or registered agent offices may be closed due to the COVID-19 pandemic and therefore it may be difficult for our process serve[r] to locate the necessary party to serve." Pagel Decl., Dkt. No. 3, at ¶ 3. Counsel noted that his office had "run into some difficulties serving defendants and subpoena[s] in other matters," and was therefore requesting until June 30, 2020, to serve Defendants "in order to permit for additional time given the closures and limitations from the COVID-19 pandemic." *Id.* at ¶¶ 4–5. The court granted Plaintiff's motion on April 8, 2020. Plaintiff served Defendants on May 19, 2020. Defendants filed an answer to the complaint as well as the instant motion to dismiss on June 9, 2020.

Defendants argue that the case should be dismissed because Plaintiff failed to show "good cause" for the extension of time to comply with Rule 4(m). More specifically, Defendants maintain that Plaintiff's counsel made no effort to timely serve Defendants and only obtained additional time to do so after he misled the court by suggesting that the COVID-19 pandemic would make timely service impossible, even though Defendant's front desk has been staffed and corporate officers were either onsite or available by phone. Dkt. No. 11, at 2. Even though the State was under the Governor's "Safer At Home Order," Emergency Order #12, at the time, Defendants maintain that Plaintiff could have personally served them within the original 90 days allowed by the rule.

"Good cause" is demonstrated by a showing of a valid and justifiable reason for the delay of service. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Under the circumstances, the court is satisfied that Plaintiff demonstrated good cause for the brief extension of time requested. In light of the Emergency Order entered by the Governor, Plaintiff's concern that he would have difficulty effecting service by May 12, 2020, was not unreasonable.

2

But even if this is not enough, strictly speaking, to establish good cause, Defendants' motion would still be denied.

Rule 4(m) requires the court to grant an extension of time to effect service upon a showing of good cause, but the rule permits the court to grant such relief even absent such a showing. *See United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("If the plaintiff cannot show good cause, then the decision to grant an extension is left to the discretion of the district court." (citing *Henderson v. United States*, 517 U.S. 654, 662–63 (1996))). In the exercise of discretion, the court would grant Plaintiff's motion for an extension of time to complete service, even absent good cause.

In exercising its discretion, the court would consider the significant uncertainties caused by the COVID-19 pandemic and the response of the federal, state, and local governments to it. The brief extension sought by Plaintiff was not enough to render his case stale or prejudice Defendants in any way. On the other hand, denying the extension or, at this point, granting Defendants' motion and dismissing Plaintiff's case, could amount to dismissal with prejudice since Plaintiff may be barred by the statute of limitations from refiling his action. It is also worth noting that even though Plaintiff was granted an extension to June 30 to complete service, the Defendants were served on May 19, 2020, only a week after the date service would have been required had the extension not been granted. Given these facts and circumstances, Defendant's motion to dismiss (Dkt. No. 10) is **DENIED**. The Clerk is directed to set the matter for a Rule 16 scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of August, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge