UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN H. BURTON,

        Plaintiff,

        v.                                                  Case No. 20-C-222

PORTFOLIO RECOVERY ASSOCIATES, LLC, and
RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

        Plaintiff John Burton brought this action claiming that Defendant Portfolio Recovery Associates (PRA), through its attorneys, Defendant Rausch, Sturm, Israel, Enerson & Hornik (Rausch Sturm), sued him in state court based on false representations in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act (WCA), Wis. Stats. ch. 427. Burton specifically alleges that the managing attorney's extreme caseload precluded meaningful attorney involvement in the debt collection process and in the authorization and issuance of the complaint against him. Burton also alleges that the attorneys misrepresented the legal status of the debt and improperly sued him based on defective notices. Before the Court is Defendants' motion for partial summary judgment. For the following reasons, the motion will be granted.

## BACKGROUND

        In October 2013, Burton, a resident of Green Bay, Wisconsin, applied and was approved for a Walmart credit account through Synchrony Bank. Defs.' Proposed Material Facts (DPMF),

¶¶ 1, 3, Dkt. No. 20-16.  Burton made purchases on the account through May 2017, and his last payment to the account was in June 2017.  *Id.*, ¶¶ 24, 26.  By that time, his outstanding balance was $2,007.89.  Mot. for S.J., Ex. 8, Dkt. No. 20-8 at 1.  On September 6, 2017, Synchrony mailed Burton a Notice of Right to Cure Default which stated:

> RE: Walmart Credit Card
> Account Number Ending In: 3544
>
> Dear John H Burton,
>
> September 21, 2017 is the LAST DAY FOR PAYMENT.
> $150 is the AMOUNT NOW DUE.
>
> You are late in making your payment(s).  If you pay the AMOUNT NOW DUE (above) by the LAST DAY FOR PAYMENT (above), you may continue with the contract as though you were not late.  Payment should be sent to us at the address set forth below.  If you do not pay by this date, we may exercise our rights under the law.
>
> SYNCHRONY BANK
> P.O. BOX 530927
> ATLANTA, GA 30353-0927
>
> Sincerely,
>
> SYNCHRONY BANK
> 1-800-641-4526

Dkt. No. 20-9.  Burton made no payment.  With late fees and interest continuing to accumulate, the balance reached $2,495.34 by February 2018, when the balance was "charged off" and the account closed.  *Id.*, Ex. 5, Dkt. No. 20-6 at 25; DPMF ¶ 32.

In April 2018, Synchrony sold the account to PRA, a Nevada-based debt collection agency that purchases defaulted consumer debts from creditors.  DPMF, ¶¶ 32–33.  On March 12, 2019, Rausch Sturm, a law firm retained by PRA to assist in collecting such debts, sent Burton a letter notifying him that it was trying to collect the debt on behalf of PRA, who had taken over the

delinquent account from the original creditor, Synchrony Bank. Dkt. No. 20-13. The letter was accompanied by a Notice of Right to Cure Default which stated, in pertinent part:

> Our records indicate that you are in default on the consumer credit transaction briefly described as follows: Account number *************3544 of PORTFOLIO RECOVERY ASSOCIATES, LLC, PO BOX 12914, NORFOLK VA 53541, 800/772-1413, in the current amount of $2,495.34. You are in default for failure to make the minimum monthly payment on this account, with no payment since June 27, 2017. You may cure the default on or before April 16, 2019, by paying the sum of $499.00 to RAUSCH STURM . . . . Payments can be mailed, made by telephone or at our website. You can also review information regarding your account at our website. . . .
>
> . . .
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

*Id*. Burton did not respond to either letter and Rausch Sturm filed a state collection action against him on May 28, 2019, which remains pending. DPMF, ¶¶ 40–41.

Apparently of the view that the best defense is a strong offense, Burton commenced this action against PRA and Rausch Sturm on February 12, 2020. He alleges that Rausch Sturm's lawsuit was signed by Attorney Anne Flinchum, Rausch Sturm's "state managing attorney." Compl., ¶¶ 13–14. Burton asserts that, at the time this case was filed, online court records show that Flinchum was counsel of record for at least 5,000 cases. *Id.*, ¶¶ 14–16. In the 14 months prior to the filing, Flinchum is listed as attorney of record for nearly 2,000 cases in the five most populous counties in the state, and she was listed as attorney of record for 66 cases filed on the same date she sued Burton, May 28, 2019. *Id.*, ¶¶ 18–19, 23. Her court hearing calendar regularly exceeds 100 hearings per week. *Id.*, ¶ 27. Based on this and similar evidence, Burton asserts, upon information and belief, that the case load and client demands for Flinchum were so high at the time she filed the complaint that she could not and did not meaningfully review and attend to his case before she filed it. *Id.*, ¶¶ 37–39.

Burton asserts three claims in his complaint. First, Burton alleges that Rausch Sturm falsely represented that an attorney was meaningfully involved in the debt collection process when it filed suit against him, in violation of the FDCPA, 15 U.S.C. § 1692e. Second, based on the same false representation, Burton alleges that both defendants also violated the WCA. Finally, Burton alleges that Rausch Sturm misrepresented the legal status of the debt and improperly sued him without first providing a proper notice of right to cure. Burton alleges he suffered actual damages by being sued, including suffering distress from the suit and its attendant delays and being required to retain a lawyer to assist him.

Notwithstanding the questionable basis in law of each of Burton's claims, Defendants have moved for summary judgment only on the third cause of action—the allegedly improper suit based on an inadequate right to cure notice—and have stipulated that they will defer litigation of the "meaningful involvement issues" until this Court resolves the issues related to the right to cure. But because the Court finds that Burton has no standing, the entire action will be dismissed.

## ANALYSIS

At the outset, it is axiomatic that a federal plaintiff must demonstrate standing at each stage of litigation. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, plaintiffs must demonstrate that they have met the "irreducible constitutional minimum," consisting of three key elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To demonstrate standing at the summary judgment stage of litigation, plaintiffs must "set forth by affidavit or other evidence specific facts demonstrating" that they have satisfied the three elements listed above. *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 284 (7th Cir. 2020) (citing

4

*Lujan*, 555 U.S. at 561) (internal quotation marks omitted). Here, the Court concludes that Burton has failed to adequately demonstrate standing at this stage in the litigation.

Burton devotes just a little over two pages of his response brief to the topic of standing, Dkt. No. 25 at 2–5, ultimately asserting that:

> By filing the lawsuit, demanding a judgment, and attempting to recover money at a hearing, the defendants subjected [Plaintiff] to a lawsuit that he should not have faced, imposing on him the stress of having to find a lawyer and face a potential money judgment, with its attendant collection efforts. [Plaintiff] does not, therefore, present a potential harm; he has been actually harmed by the lawsuit that should not have been filed, and has standing to sue in federal court.

*Id.* at 5. In support of this statement, Burton submitted an affidavit in which he states that being sued on this debt has made him "anxious and frightened" about his finances and reputation, as well as "distressed" by the fact that the suit was brought and remains public record on Wisconsin's Circuit Court Access Program. Dkt. No. 27 at 2.

Burton's conclusory assertions are not enough to establish a "concrete and particularized" injury for the purposes of Article III standing. This is so for two reasons. First, it appears the crux of Burton's alleged injury is emotional. Burton's primary assertion is that he has felt anxious, frightened, and stressed as a result of being sued in state court. But the Seventh Circuit has always required something more than bare, conclusory statements when it comes to emotional injuries. Indeed, "when the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements." *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003). In addition, the Seventh Circuit has also noted that these types of bare allegations by a plaintiff are not sufficient to establish injury "unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Id.*

In this case, Burton's only proof of emotional injury is his own affidavit and the brief statement in his response brief that he has felt stressed as a result of the state court suit. Burton goes into no further detail about his injuries, and supplies no evidence to support his statements. Leaving aside the fact that the Wisconsin Circuit Court Access website seems to show that PRA's suit is one of five collection actions filed against Burton since 2011, the facts underlying this case are not so "inherently degrading" that it would be reasonable to infer emotional distress. Burton was sued in state court on an account that he admits he established, that he admits was charged-off, and on a debt that he admits he never disputed. Dkt. No. 28, ¶¶ 1–4, 32, 43. That Defendants acted on this undisputed debt and filed suit certainly is not "inherently degrading," especially considering Burton's admission to the legitimacy of the debt. In any event, the Seventh Circuit has squarely held that "stress by itself with no physical manifestations and no qualified medical diagnosis" does not amount to a concrete harm. *Pennell v. Global Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (citing *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 616 (7th Cir. 2015)). Here, Burton's allegations amount to nothing more than conclusory assertions of stress, anxiety, and fright, with no accompanying physical manifestations or qualified medical diagnosis, and thus, Burton does not have standing under Article III.

Second, even putting aside Burton's claims of emotional injury, it's difficult to see what other injury Burton may have as a result of the suit filed against him in state court. Although the underlying suit in this case is still pending, Dkt. No. 25 at 2, that suit, no matter what the outcome, will not result in the kind of harm needed to confer Article III standing. For example, if Burton were to prevail in the state suit, he certainly would not have been harmed by the allegedly deficient letter; indeed, he would benefit, as the letter would serve to shield him from paying an otherwise valid debt. Should Burton lose, on the other hand, he would have no standing to complain because

a finding that the letter complied with the WCA would mean that the underlying state suit was properly brought and thus Burton would have experienced no harm.

It thus follows that whether it is Burton's emotional injury claims, or some sort of claim relating to the defense in the state suit, Burton has failed to provide "specific facts" demonstrating that he has satisfied the elements of standing. *Spuhler*, 983 F.3d at 284. Specifically, Burton has failed to show that he has suffered a "concrete" injury, within the meaning of Article III.

## CONCLUSION

Because Burton lacks standing to bring this suit within the meaning of Article III of the United States Constitution, the case is dismissed for lack of subject matter jurisdiction. The Clerk is directed to enter judgment dismissing the case without prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 3rd day of September, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge